```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                CENTRAL DIVISION
_____

WALTER RAY REDMOND,              )
                                 )
          Plaintiff,             )  Case No. 2:07-CV-722 TS
                                 )
     v.                          )  District Judge Ted Stewart
                                 )
SALT LAKE POLICE DEP'T et al.,   )  **MEMORANDUM DECISION**
                                 )
          Defendants.            )
_____
```

Plaintiff, Walter Ray Redmond, filed this *pro se* civil rights suit, s*ee* 42 U.S.C.S. § 1983 (2009), and proceeds *in forma pauperis*. *See* 28 *id.* 1915. The Court now screens the complaint.

Plaintiff alleges that he was falsely arrested and jailed by racist Salt Lake law enforcement officials for several days, during which a tuberculosis shot was forced upon him. He further states that racist Utah Department of Workforces Services (WFS) employees, based on mistaken identity, alerted law enforcement to arrest him on a warrant. Plaintiff names as defendants Salt Lake City Police Department, Salt Lake County Sheriff's Office, Salt Lake City, Salt Lake County, and three WFS employees ("Tamara," "Lisa," and "Faye").

Plaintiff's Complaint does not state a claim against the first four defendants. To establish the liability of a municipal entity, such as Salt Lake City or Salt Lake County or their departments, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal

link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*.  See *Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); see also *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Because Plaintiff does not allege that his injuries resulted from a municipal policy or custom, his allegations do not state a claim against the municipal defendants in this case.

Regarding the WFS defendants, the Court notes that Plaintiff brought the exact same claims in this Court under case number 2:07-CV-928 DAK, in which the claims are currently in process. The Court thus dismisses the WFS defendants and claims here.

In conclusion, Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted. However, Plaintiff may amend his complaint to state specific claims against individual identified defendants.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim on

which relief can be granted.  If the Court does not receive an amended complaint within thirty days, it will close this case without further notice to Plaintiff.

    IT IS FURTHER ORDERED that Plaintiff's motion for service of process is DENIED.  (*See* Docket Entry # 113.)

       BY THE COURT:

           DATED this 27th day of August, 2009.

_____
JUDGE TED STEWART
United States District Court